JOURNAL ENTRY and OPINION
On September 21, 1998, we sua sponte consolidated Gregory Badovick's appeal (App. No. 74273[1]) and Kimberly Badovick's appeal (App. No. 75116)[2]. We now dismiss both Gregory and Kimberly Badovick's appeals.
Gregory Badovick's appeal (App. No. 74273) is moot. We conclude the trial court's August 4, 1998 order mooted that appeal. The trial court's August 4, 1998 order complied with our remand order issued in Gregory Badovick's original appeal in Badovick v.Badovick (May 4, 1998), Cuyahoga No. 72317, unreported. (HereinBadovick I).
Kimberly Badovick's appeal (App. No. 75116) is dismissed because she apparently abandoned that appeal by failing to file a brief.
Gregory Badovick did, however, cross appeal[3] in App. No. 75116, and argued one error challenging the trial court's August 4, 1998 property division order. We uphold the trial court's property division in its August 4, 1998 order and overrule Gregory Badovick's cross-appeal. The apposite facts follow.
Gregory Badovick filed his original appeal in 1997 challenging the trial court's March 13, 1997 order, which granted the parties' divorce and settled the child support and property division issues.
Gregory Badovick assigned seven (7) errors for this court in that appeal, which is Badovick I. In Badovick I, we upheld the trial court's visitation order and custody order to Kimberly Badovick. However, on the remaining issues, we reversed and remanded with instructions. We held the trial court erred in imputing Gregory Badovick's income for purposes of child support calculations and erred in not giving Gregory Badovick access to the child's day care facility. We ordered the trial court to clarify that the child was the irrevocable beneficiary of the father's life insurance policy during the duration of the child support order and remanded for redetermination of marital property, marital debts, and attorney fees awards.
Ironically, on June 4, 1997 while that appeal was pending and before our Badovick I decision, Kimberly Badovick filed in the trial court a motion to show cause against Gregory Badovick for failure to pay child support and for attorney fees. Gregory countered with a motion to modify visitation and support.
While the 1997 appeal on the child support, attorney fees, and other matters remained pending, the trial court issued its March 5, 1998 order. The trial court found Gregory Badovick in contempt for failure to pay child support and attorney fees.
Gregory Badovick filed an appeal of the trial court's March 5, 1998 order; we assigned his appeal App. No. 74273.
While App. No. 74273 remained pending, we released Badovick I. In response to Badovick I, the trial court issued its August 4, 1998 order without a hearing. In the August 4, 1998 order, the trial court set Gregory Badovick's income at minimum wage, reduced child support payments from approximately $700/month to approximately $117/month, set a value for certain property given to Kimberly Badovick in the original divorce but did not order a redistribution based on the valuation, gave Gregory Badovick birthday visitation and access to the child's records and ordered him to name the child as irrevocable beneficiary of his insurance policy.
Gregory Badovick did not directly appeal the trial court's August 4, 1998 order; however, Kimberly Badovick did, and we assigned her appeal App. No. 75116. Kimberly Badovick failed to file her brief in App. No. 75116. Accordingly, we conclude Kimberly Badovick abandoned her appeal in App. No. 75116 when she failed to file a brief. As we stated earlier in this opinion, Gregory Badovick's appeal App. No. 74273 is moot. The trial court's August 4, 1998 order effectively mooted that appeal.
We note, however, Gregory Badovick's cross-appeal under App. No. 75116 lacks merit. Gregory Badovick argues the trial court erred in the distribution of marital assets. We conclude the trial court properly distributed the marital property as we had required in Badovick I.
Appeal dismissed.
It is ordered that appellee and appellant share the costs of this appeal.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
ANN DYKE, A.J., and LEO M. SPELLACY, J., CONCUR.
 _____________________________ PATRICIA ANN BLACKMON, JUDGE
[1] Gregory Badovick's assigned errors. See Appendix.
[2] Kimberly Badovick's assigned but not briefed errors. See Appendix.
[3] Gregory Badovick's cross-appeal. See Appendix.
 APPENDIX
ASSIGNMENTS OF ERROR
 I. THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN DETERMINING THAT THE APPELLANT WAS IN ARREARS IN CHILD SUPPORT, AND IN CALCULATING THAT ARREARS, AND IN ADDING INTEREST TO THOSE ARREARS AND IN ENTERING JUDGMENT IN FAVOR OF THE APPELLEE FOR THOSE ARREARS.
 II. THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION WHEN IT FOUND THE APPELLANT IN CONTEMPT OF COURT FOR FAILURE TO PAY CHILD SUPPORT WHEN IN FACT THE APPELLANT WAS NOT IN ARREARS.
 III. THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION BY GRANTING THE APPELLEE'S MOTION FOR ATTORNEYS' FEES WHEN THE APPELLANT WAS IN FACT NOT IN ARREARS OF CHILD SUPPORT.
 IV. THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION WHEN IT FOUND THE APPELLANT IN CONTEMPT OF COURT FOR FAILURE TO PAY CHILD SUPPORT WHEN THE APPELLANT WAS UNEMPLOYED AND HAD USED WHAT MONEY HE DID HAVE IN PROPER EXERCISE OF HIS CONSTITUTIONAL RIGHTS.
 V. THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION WHEN IT FOUND THE APPELLANT WAS UNEMPLOYED AND HAD USED WHAT MONEY HE DID HAVE IN PROPER EXERCISE OF HIS CONSTITUTIONAL RIGHTS.
 VI. THE TRIAL COURT'S ORDER REGARDING VISITATION IS ERRONEOUS AND AN ABUSE OF DISCRETION BECAUSE IT IS UNCLEAR AS TO WHAT HOLIDAYS THE APPELLANT IS TO HAVE VISITATION.
 VII. THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN SETTING CHILD SUPPORT IN THE AMOUNT OF $808.91 PER MONTH.
FOOTNOTE #2
KIMBERLY BADOVICK'S ASSIGNED ERRORS
 I. WHETHER THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN ITS IMPUTATION OF MINIMAL INCOME TO THE APPELLEE.
 II. THE TRIAL COURT ERRED AND ABUSED. ITS DISCRETION IN ITS ORDER THAT APPELLEE HAVE VISITATION WITH THE MINOR CHILD ON HIS BIRTHDAY AND ON THE CHILD BIRTHDAY.
FOOTNOTE #3
GREGORY BADOVICK'S CROSS ASSIGNED ERROR
 ON REMAND, THE TRIAL COURT ERRED AND ABUSED PARTIES. ITS DISCRETION IN ITS DIVISION AND DISTRIBUTION OF THE MARITAL PROPERTY OF THE PARTIES.